

1  Alan Harris (SBN 146079)
   Priya Mohan (SBN 228984)
2  HARRIS & RUBLE
   6424 Santa Monica Boulevard
3  Los Angeles, CA 90038
   Tel: 323.962.3777
4  Fax: 323.962.3004
   E-mail: aharris@harrisandruble.com
5  pmohan@harrisandruble.com

6  Attorneys for Plaintiffs

7

8

9              **UNITED STATES DISTRICT COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11 GUS LYNCH, individually and on        Case No. CV13-04317-PA(RZx)
   behalf of all others similarly
12 situated, ROBERT YOUNG, BOB           **COMPLAINT**
   WHEELER, VITO TORTORICCI,             [*Class and Collective-Action*]
13 and FRED OSBY, individually
                                         1. Section 203 of the California Labor
14            Plaintiffs                  Code, Continuing Wages

15    v.                                 2. Section 226 of the California Labor
                                          Code, Failure to Provide Information on
16 NICK  CASSAVETES, MANU                 Pay Stubs
   KUMARAN, MEDIENT
17 ENTERTAINMENT, MEDIENT               3. Sections 510 and 1194 of the
   OK, LLC, YELLOW                       California Labor Code, Failure to Pay
18 PRODUCTIONS, LLC, GS                  Minimum Wage and Overtime
   ENTERTAINMENT, LLC and JOE            Compensation
19 Q. BRETZ
                                        4. 29 U.S.C. § 216(b), Fair Labor
20            Defendants.                 Standards Act, Failure to Pay Minimum
                                         Wage, Overtime, and Liquidated
21                                       Damages

22                                      5. Civil Penalties Pursuant to § 2698 *et
                                         seq.* of the California Labor Code
23

24                                      **DEMAND FOR JURY TRIAL**

25

26

27

28

1   Plaintiffs Gus Lynch, Robert Young, Bob Wheeler, Vito Tortoricci, and Fred Osby by

2   and through their undersigned attorneys, bring this action against Defendants Nick

3   Cassavetes, Medient Entertainment, Medient OK, LLC, Yellow Productions, LLC, Manu

4   Kumaran, GS Entertainment and Joe Q. Bretz (collectively "Defendants").  Plaintiffs

5   alleges as follows:

## JURISDICTION AND VENUE

7       1.      **Jurisdiction.**  This Court has jurisdiction pursuant to 28 U.S.C. § 1331.  As

8   detailed below, Plaintiffs alleges that Defendants violated their rights under the federal

9   Fair Labor Standards Act ("FLSA"), 29 U.S.C . § 201 *et seq.*, by failing to pay them and

10  appropriate wages.  Plaintiffs' Complaint therefore constitutes a civil action arising under

11  the laws of the United States, and this Court has original jurisdiction pursuant to 28

12  U.S.C. § 1331.

13      2.      **Venue.**  Venue is proper in the Central District of California pursuant to 28

14  U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to

15  the claim occurred in the Central District of California.

16      3.      Plaintiff Gus Lynch also brings this case individually and as a class and

17  collective action pursuant to Federal Rule of Civil Procedure ("FRCP") 23 and 29 U.S.C.

18  § 216(b).

## PARTIES

20      4.      Plaintiff Gus Lynch ("Lynch") is an individual, who, during the time periods

21  relevant to this Complaint, was and is a resident of the County of Los Angeles, State of

22  California.

23      5.      Plaintiff Robert Young ("Young") is an individual, who, during the time

24  periods relevant to this Complaint, was and is a resident of the County of Los Angeles,

25  State of California.

26      6.      Plaintiff Bob Wheeler ("Wheeler") is an individual, who, during the time

27  periods relevant to this Complaint, was and is a resident of the County of Los Angeles,

28  State of California.

7.     Plaintiff Vito Tortoricci ("Tortoricci") is an individual, who, during the time periods relevant to this Complaint, was and is a resident of the County of Los Angeles, State of California.

8.     Plaintiff Fred Osby ("Osby") is an individual, who, during the time periods relevant to this Complaint, was and is a resident of the County of Los Angeles, State of California.

9.     Yellow Productions, LLC ("Yellow Productions") is an Oklahoma limited liability company, which at all times relevant herein, conducted business within the County of Los Angeles, State of California. Yellow Productions was and is the production company for the production of a motion picture project entitled "Yellow" (the "Production."

10.     Nick Cassavetes ("Cassavetes"), is an individual, who, during the time periods relevant to this Complaint, was and is a resident of the County of Los Angeles, State of California. On the Production, Cassavetes employed Plaintiffs and members of the putative collective action. In connection with the Production, Cassavetes acted directly as the employer.

11.     Manu Kumaran ("Kumaran"), is an individual, who, during the time periods relevant to this Complaint, conducted business in the County of Los Angeles, State of California. On the Production, Kumaran employed Plaintiffs and members of the putative collective action. In connection with the Production, Kumaran acted directly as the employer.

12.     Medient Entertainment is a company which at all times relevant herein, conducted business within the County of Los Angeles, State of California. On the Production, Medient Entertainment employed Plaintiffs and members of the putative collective action. In connection with the Production, Medient Entertainment acted directly as the employer.

13.     Medient OK, LLC is an Oklahoma limited liability company which at all times relevant herein, conducted business within the County of Los Angeles, State of

California. On the Production, Medient OK, LLC employed Plaintiffs and members of the putative collective action. In connection with the Production, Medient OK, LLC acted directly as the employer.

14. GS Entertainment LLC ("GS") is a California limited liability company, which at all times relevant herein, conducted business within the County of Los Angeles, State of California. On the Production, GS Entertainment employed Plaintiffs and members of the putative collective action. In connection with the Production, GS acted directly as the employer.

15. Joe Q. Bretz ("Bretz") is an individual, who, during the time periods relevant to this Complaint, was and is a resident of the County of Los Angeles, State of California. On the Production, Bretz employed Plaintiffs and members of the putative collective action. In connection with the Production, Bretz acted directly as the employer.

16. Defendants are or were the joint employers of Plaintiffs and the employees that Plaintiffs seeks to represent in this action. Defendants, and each of them, are now, and /or at all times mentioned in this Complaint were, in some manner legally responsible for the events, happenings, and circumstances alleged in this Complaint. Defendants, and each of them, proximately subjected Plaintiffs to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint. Furthermore, Defendants, and each of them, are now, and/or at all times mentioned in this Complaint were, the agents, servants, and/or employees of some or all other Defendants, and vice-versa, and, in doing the things alleged in this Complaint, Defendants are now, and/or at all times mentioned in this Complaint, were, acting within the course and scope of that agency, servitude, or employment. Alternatively, Defendants, and each of them, are now, and/or at all times mentioned in this Complaint, were, members of and/or engaged in a joint venture, partnership, or common enterprise, and were acting within the course and scope of, and pursuant to, said joint venture, partnership, or common enterprise. In addition, Defendants, and each of them, at all times mentioned in this Complaint concurred and contributed to the various acts and omissions of each and every one of the other

1   Defendants in proximately causing the complaints, injuries, and/or damages alleged in

2   this Complaint.  Likewise, Defendants, and each of them, at all times mentioned in this

3   Complaint approved of, condoned, and/or otherwise ratified each and every one of the

4   acts or omissions alleged in this Complaint.  Finally, Defendants, and each of them, at all

5   times mentioned in this Complaint, aided and abetted the acts and omissions of each and

6   every one of the other defendants, thereby proximately causing the damages alleged in

7   this Complaint.

8                                   **GENERAL ALLEGATIONS**

9          17.    In or around August or September, 2010, Defendants hired Plaintiffs Young,

10   Wheeler, Tortoricci and Osby to work on the Production as crew members.  Plaintiffs

11   Young, Wheeler, Tortoricci and Osby completed their work on the Production and were

12   discharged from the Production in or about September, 2010.  However, Plaintiffs

13   Wheeler, Tortoricci and Osby have not received any compensation for their work on the

14   Production.

15         18.    In or around June, 2012, Defendants hired Plaintiff Gus Lynch to work on

16   the Production as a day player.  Lynch completed his work on the Production and was

17   discharged from the Production on June 15, 2012.  However, Lynch has not receive any

18   compensation for his work on the Production.

19         19.    Upon information and belief, Defendants employed Plaintiffs and putative

20   class and collective action members on the Production, although they knew the funding

21   for the project was not available.  No individual who was employed on the Production

22   was timely paid any compensation for work performed for Defendants in August to

23   September, 2010 and in June, 2012.

24         20.    At all relevant times mentioned herein, section 201.5 of the California Labor

25   Code controlled final payment of wages to certain employees.  Section 201.5 of the

26   California Labor Code provides a discharged employee shall be paid by the next

27   regularly scheduled payday.  In no event should Plaintiffs or putative class members have

28   been paid later than the time period established by section 204 of the California Labor

1  Code.

2      21.   At all times relevant herein, section 204 of the California Labor Code
3  provided in part:

4           All wages, other than those mentioned in Section 201, 201.3, 202,
5           204.1, or 204.2, earned by any person in any employment are due and
6           payable twice during each calendar month, on days designated in
7           advance by the employer as the regular paydays. Labor performed
8           between the 1st and 15th days, inclusive, of any calendar month shall
9           be paid for between the 16th and the 26th day of the month during
10          which the labor was performed, and labor performed between the 16th
11          and the last day, inclusive, of any calendar month, shall be paid for
12          between the 1st and 10th day of the following month.

13  Cal. Lab. Code § 204.

14      22.   Defendants Yellow Productions did not compensate Plaintiffs and members
15  of the putative class as required by section 201.5 of the California Labor Code.

16      23.   At all relevant times mentioned herein, section 203 of the California Labor
17  Code provided:

18          If an employer willfully fails to pay, without abatement or reduction,
19          in accordance with Sections 201, 201.5, 202 and 202.5, any wages of
20          an employee who is discharged or who quits, the wages of the
21          employee shall continue as a penalty from the due date thereof at the
22          same rate until paid or until action therefore is commence; but the
23          wages shall not continue for more than 30 days.

24  Cal. Lab. Code § 203.

25      24.   By failing to pay Plaintiffs and members of the putative class all wages
26  when due, Defendant Yellow Productions violated section 204 of the California Labor
27  Code.

28

25.     At all times relevant herein, section 210 of the California Labor Code provided:

> In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (a) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; (b) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

Cal. Lab. Code § 210.

26.     At all relevant times mentioned herein, section 510 (a) of the California Labor Code provided:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of at least one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work. The requirements of this section do not apply to the

1           payment of overtime compensation to an employee working pursuant

2           to any of the following:  (1) An alternative workweek schedule

3           adopted pursuant to Section 511.  (2) An alternative workweek

4           schedule adopted pursuant to a collective bargaining agreement

5           pursuant to Section 514.

6   Cal. Lab. Code § 510.

7       27.    In regard to the employment of Plaintiffs, the provisions of subparagraphs

8   (1) and (2) of section 510 of the California Labor Code were inapplicable in that no

9   alternative workweek schedule had been adopted pursuant to section 511 or pursuant to a

10  collective bargaining agreement.

11      28.    At all relevant times mentioned herein, section 1194 of the California Labor

12  Code provided:

13          Notwithstanding any agreement to work for a lesser wage, any

14          employee receiving less than the legal minimum wage or the legal

15          overtime compensation applicable to the employee is entitled to

16          recover in a civil action the unpaid balance of the full amount of this

17          minimum wage or overtime compensation, including interest thereon,

18          reasonable attorney's fees, and costs of suit.

19  Cal. Lab. Code § 1194.

20      29.    Section 1197.1 (a) of the California Labor Code provides:

21          Any employer or other person acting either individually or as an

22          officer, agent, or employee of another person, who pays or causes to

23          be paid to any employee a wage less than the minimum fixed by an

24          order of the commission shall be subject to a civil penalty as follows:

25          (1) For any initial violation that is intentionally committed, one

26          hundred dollars ($100) for each underpaid employee for each pay

27          period for which the employee is underpaid.

28          (2) For each subsequent violation for the same specific offense, two

hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed.

Cal. Lab. Code § 1197.1.

30.     The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, provides, in pertinent part:

Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).25.

31.     At all relevant times mentioned herein, section 558 of the California Labor Code provided:

Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:  (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.  (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.  (3) Wages recovered pursuant to this section shall be paid to the affected employee.

1    Cal. Lab. Code § 558.

2         32.    Plaintiffs, putative class members, and putative collection-action

3    members were not timely paid the minimum wages and/or overtime to which

4    they were entitled.

5         33.    At all relevant times mentioned herein, section 226 of the California

6    Labor Code provided:

7              (a) Every employer shall, semimonthly or at the time of each payment

8              of wages, furnish each of his or her employees, either as a detachable

9              part of the check, draft, or voucher paying the employee's wages, or

10             separately when wages are paid by personal check or cash, an

11             itemized statement in writing showing (1) gross wages earned, (2)

12             total hours worked by the employee, except for any employee whose

13             compensation is solely based on a salary and who is exempt from

14             payment of overtime under subdivision (a) of Section 515 or any

15             applicable order of the Industrial Welfare Commission, (3) the

16             number of piece rate units earned and any applicable piece rate if the

17             employee is paid on a piece-rate basis, (4) all deductions, provided,

18             that all deductions made on written orders of the employee may be

19             aggregated and shown as one item, (5) net wages earned, (6) the

20             inclusive dates of the period for which the employee is paid, (7) the

21             name of the employee and his or her social security number, except

22             that by January 1, 2008, only the last four digits of his or her social

23             security number or an employee identification number other than a

24             social security number may be shown on the itemized statement, (8)

25             the name and address of the legal entity that is the employer, and (9)

26             all applicable hourly rates in effect during the pay period and the

27             corresponding number of hours worked at each hourly rate by the

28             employee.  The deductions made from payments of wages shall be

recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

. . . .

(e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

. . . .

(g) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

Cal. Lab. Code § 226.  Defendant Yellow Productions employed Plaintiffs and putative class members, but failed to provide them with the data required by section 226(a) of the California Labor Code.  Defendant Yellow Productions failed to provide information concerning the name and address of the legal entity that is the employer, or any of the other required data.  All of the foregoing was intentional misconduct of Defendant Yellow Productions that injured Plaintiffs and putative class members insofar as they were subjected to confusion and deprived of information to which they were legally entitled.

## CLASS-ACTION ALLEGATIONS

34.    Plaintiff Gus Lynch brings the first through the third claims for relief below

on a class-wide basis pursuant to FRCP 23. For these claims, Lynch seeks to represent all individuals who were employed by Yellow Productions to provide services on the Production during the period from three years prior to the filing of this Complaint to the date of the filing of the motion for class certification ("Class").

35.    Lynch contends that the failure of Defendant Yellow Productions to make payments within the time provided for in California Labor Code section 201.5 has been and is "willful" within the meaning of such word as used in section 203 of the California Labor Code and that, accordingly, each member of the Class is entitled to the "continuing wages" provided for in section 203 against Defendant Yellow Productions.

36.    The proposed Class members are ascertainable in that they can be identified using the information contained in Yellow Productions' payroll and personnel records. The number of persons within the Class is great, believed to be in excess of 45 persons. It is, therefore, impractical to join each member of the class as a named plaintiff. Accordingly, utilization of a class action is the most economically feasible means of determining the merits of this litigation.

37.    Despite the numerosity of the members of the Class, membership within the Class is readily ascertainable through an examination of the records which Yellow Productions, Inc. is required by law to keep and which it has kept. Likewise, the dollar amounts owed to Lynch and to each putative member of the Class are readily ascertainable by an examination of the same records.

38.    The Class is proper insofar as common questions of fact and of law predominate over individual issues regarding the money owed to each class member.

39.    There is a well-defined community of interest in the questions of law and fact common to the Class. The key questions are the same for each Class member: (a) Was such Class member an employee of Yellow Productions in connection with the Production? (b) Was such Class member discharged by Defendant Yellow Productions? (c) Did Yellow Productions pay each Class member his or her wages by the next regular payday as required by section 201.5 of the California Labor Code? (d) Did Yellow

Productions pay each Class member the overtime compensation which he or she was owed? (e) Has Defendant Yellow Productions violated the mandatory requirements of section 226 of the California Labor Code? (f) Was Defendant Yellow Productions acting with respect to section 226 of the California Labor Code in a manner that was and is willful, knowing, and intentional?

40.    Lynch's claims are typical of the claims of the members of the Class, which all arise out of the same general operative facts, i.e., Defendant Yellow Productions did not compensate their employees as required by the California Labor Code and that Defendant Yellow Productions failed to provide Class members with the information legally mandated by section 226(a) of the California Labor Code.  Lynch has no conflict of interest with the other members of the Class and are able to fairly and adequately represent the interests of the class.

41.    The nature of this action and the laws available to Lynch and Class Members make the class action/collective action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein.  First, the persons within the Class are numerous and joinder of all of them is impractical.  Second, the disposition of all claims of the members of the Class in a class action rather than in individual actions will benefit both the parties and the court.  In that regard, the claims of each individual member of the Class are too small to litigate individually and the commencement of forty-five or more separate actions in this Court would lead to an undue burden on scarce judicial resources. Further, the alternative of individual proceedings before the Labor Commissioner is impractical inasmuch as that agency has insufficient resources to promptly process such claims and, under the provisions of Labor Code section 98.2, if the individual Class members were to succeed in obtaining awards in their favor, such awards may be appealed as a matter of right for a *de novo* trial in Superior Court, leading to a multiplicity of such trials in that court.  Further, absent class treatment, employees will most likely be unable to secure redress given the time and expense necessary to pursue individual claims and individual class members will likely be unable to retain counsel

willing to prosecute their claims on an individual basis given the small amount of recovery available to each individual class member. As a practical matter, denial of class treatment will lead to denial of recovery to the individual members of the Class.

42.     The interest of each Class member in controlling the prosecution of his or her individual claim against Defendant Yellow Productions is small when compared with the efficiency of a class action.

## FLSA COLLECTIVE-ACTION ALLEGATIONS

43.     In this collective action, Plaintiff Gus Lynch brings the fourth claim for relief below on a collective basis pursuant to the FLSA. For this claim, Lynch seeks to represent all individuals who were employed by Defendants Yellow Productions, Medient Entertainment, Cassavetes, Kumaran, Medient OK, GS Entertainment, and Bretz (collectively "Defendants") on the Production and who were not paid in accordance with the Fair Labor Standards Act, 29 U.S.C. §§ 206 and 207, during the period beginning three years prior to the filing of this Complaint ("Collective Action").

44.     Lynch is similarly situated with the members of the Collective Action in that:

(a) Lynch and the members of the Collective Action were employed by Defendants;

(b) Lynch and the members of the Collective Action were not compensated for all the hours they worked under the FLSA;

(c) Defendants knowingly and willfully violated provisions of the FLSA, by not paying Lynch and the members of the Collective Action their wages when due;

(d) As a result of the Defendants' policy and practice of withholding compensation for all hours worked, including minimum wages and overtime compensation, Lynch and the members of the Collective Action have been similarly damaged in that they have not received all of their earned wages to date.

45.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216 (b) as to claims for unpaid wages, liquidated damages, costs and attorneys' fees under the FLSA.

46.     All members of the Collective Action during the relevant time period should be given notice and be allowed to give their consent in writing, i.e. "opt in," to the collective action pursuant to 29 U.S.C. § 216 (b).

## FIRST CAUSE OF ACTION

(Continuing Wages, California Labor Code § 203)

On Behalf of Plaintiff Gus Lynch and the Class Against Defendant Yellow Productions)

47.     Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in the preceding paragraphs of this Complaint.

48.     Defendant Yellow Productions employed Lynch and the other Plaintiffs on the Production.

49.     In or about June, 2012, Lynch was discharged from the Production after completing his work. However, Defendant Yellow Productions has not provide any compensation to Lynch for his work. Defendant Yellow Productions did not pay Lynch his earned wages as required by section 201.5 of the California Labor Code. The members of the Class were discharged in the same manner and were not paid their earned wages as required by section 201.5 of the California Labor Code.

50.     Defendant Yellow Productions' failure to compensate Lynch and the members of the Class within the time provided for in section 201.5 of the California Labor Code, despite their knowledge of its obligation to do so, was "willful" as the word is used in section 203.

51.     Pursuant to section 203 of the California Labor code, Lynch is entitled to continuing wages from Defendant Yellow Productions in an amount according to proof. Members of the putative Class are entitled to continuing wages from Defendant Yellow Productions in an amount in excess of $200,000, or in an amount according to proof.

## SECOND CAUSE OF ACTION

(Failure to Provide Information on Pay Stubs, California Labor Code § 226
On Behalf of Plaintiffs and the Class Against Defendants Yellow Productions)

52.　Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in the preceding paragraphs of this Complaint.

53.　Defendant Yellow Productions failed to timely provide Plaintiffs and the other members of the class with pay stubs conforming to the requirements of section 226(a) of the California Labor Code.  Defendant Yellow Productions has never provided Plaintiffs and the other members of the Class with a pay stub for the work they performed, as required by section 226 of the California Labor Code.

54.　The failure of Yellow Productions to provide pay stubs and/or itemized wage statements violates section 226(a) of the California Labor Code insofar as the Class Members have not received data that accurately sets forth any of the information delineated in section 226(a).  In this case, no entity is identified as the "employer." Defendant Yellow Productions has knowingly and intentionally failed and refused to identify itself or any other entity as the responsible employer.  The failure to specifically identify the responsible employer[s] on the wage statement caused Plaintiffs and other members of the putative class injury by depriving them of information to which they are legally entitled and causing confusion and wasted time as a result, delaying their efforts to secure relief from the DLSE and/or unemployment insurance benefits.

55.　Accordingly, Plaintiffs are each entitled to damages in the amount of $50.00, or damages in an amount according to proof and costs and reasonable attorney's fees in accordance with the provisions of California Labor Code section 226 (e).  Putative Class members are entitled to damages in an amount in excess of $2,000 or in an amount according to proof and costs and reasonable attorney's fees in accordance with the provisions of California Labor Code section 226(e).

**THIRD CAUSE OF ACTION**

(Damages for Unpaid Minimum Wages and Overtime Compensation,

California Labor Code §§ 510 and 1194

On Behalf of Plaintiff Gus Lynch and Class Against Defendant Yellow Productions)

56.     Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in the preceding paragraphs of this Complaint.

57.     During their employment by Defendant Yellow Productions on the Production, Lynch and the other members of the Class worked many hours without compensation for any of the work they performed on the Production, as required by law. Defendant Yellow Productions has failed to timely pay Lynch and the other members of the Class their minimum wages and overtime wages as required by sections 510 and 1194 of the California Labor Code.

58.     Lynch is entitled to recover any unpaid state minimum wages in an amount according to proof, liquidated damages under section 1194.2 of the California Labor Code in an amount according to proof.  Lynch is entitled to recover his unpaid overtime in an amount according to proof.  Lynch is also entitled to recover his costs and reasonable attorneys' fees under section 1194 of the California Labor Code.  Putative Class members are also entitled to recover his unpaid minimum wages and overtime in an amount to be established by proof, liquidated damages under section 1194.2 of the California Labor Code and their costs and attorney's fees as provided for in section 1194 of the California Labor Code.

**FOURTH CAUSE OF ACTION**

(Fair Labor Standards Act, 29 U.S.C. § 216, Failure to Pay Minimum Wage and

Overtime, Liquidated Damages—

On Behalf of Plaintiffs and Collective Action Members Against All Defendants)

59.     Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in the Complaint.

60.     At all times relevant herein, 29 U.S.C. § 203(d) of the Fair Labor Standards

1     Act defined employer as "any person acting directly or indirectly in the interest of an

2     employer in relation to an employee." 29 U.S.C. § 203(d).   At all times herein,

3     Defendants acted directly or indirectly in the interest of an employer in relation to

4     Plaintiffs and members of the Collective Action.

5        61.     Defendants, by not paying Plaintiffs and the members of the Collective

6     Action the wages due and owing to them, have violated the Fair Labor Standards Act, 29

7     U.S.C. § 206, by failing to provide at least minimum wages to Plaintiff and members of

8     the Collective Action.

9        62.     At all relevant times herein, 29 U.S.C. § 207 provided:

10           [N]o employer shall employ any of his employees who in any

11           workweek is engaged in commerce or in the production of goods for

12           commerce, or is employed in an enterprise engaged in commerce or in

13           the production of goods for commerce, for a workweek longer than

14           forty hours unless such employee receives compensation for his

15           employment in excess of the hours above specified at a rate not less

16           than one and one-half times the regular rate at which he is employed.

17     29 U.S.C. § 207(a).

18        63.     Defendants, by not paying the members of the Collective Action the

19     overtime wages due and owing to them for their work performed on the Production, have

20     violated 29 U.S.C. § 207 by failing to timely provide the overtime wages to members of

21     the Collective Action.

22        64.     Under 29 U.S.C. § 216(b), Plaintiffs are entitled to recover minimum wages

23     according to proof, and liquidated damages according to proof.  Putative Collective-

24     Action members are entitled to be paid minimum wages according to proof, and

25     liquidated damages according to proof.  Plaintiffs and putative Collective-Action

26     members are entitled to attorneys' fees and costs, in accordance with 29 U.S.C. § 216 (b).

27        65.     Under 29 U.S.C. § 216(b), Plaintiffs are entitled to overtime according to

28     proof, and liquidated damages according to proof.  Putative members of the Collective

1  Action are entitled to be paid their overtime according to proof, and liquidated damages

2  according to proof.  Plaintiffs and putative Collective-Action members are also entitled to

3  attorney's fees and costs, in accordance with 29 U.S.C. § 216 (b).

4

5  **FIFTH CAUSE OF ACTION**

6  (Civil Penalties Pursuant to the California Labor Code On Behalf of Plaintiff Gus Lynch

7  Against Defendants Yellow Productions)

8      66.    Plaintiffs replead, reallege and incorporate by reference each and every

9  allegation set forth in the preceding paragraphs of this Complaint.

10      67.    Pursuant to section 2699.3(a)(1) of the California Labor Code, on or about

11  April 15, 2013, Lynch gave written notice by certified mail to the California Labor and

12  Workforce Development Agency ("LWDA") of the specific provisions of the California

13  Labor Code alleged to have been violated by Defendants Yellow Productions and

14  Medient Entertainment.  Also, on April 15, 2013, Lynch gave notice by certified mail to

15  Defendant Yellow Productions, of the specific provisions of the California Labor Code

16  alleged to have been violated.

17      68.    More than thirty-three calendar days have passed since Lynch provided

18  notice to the LWDA and Defendants Yellow Productions.  Accordingly, Lynch "may as a

19  matter of right amend [the] existing complaint to add a cause of action arising under [the

20  Labor Code Private Attorneys General Act]."  Cal. Lab. Code § 2699.3(a)(2)(C).

21      69.    Lynch contends that sections 201.5, 203, 204, 226, 510, 1194 and 2699(f)

22  enable him to require civil penalties, as well as attorney's fees and costs, from Defendant

23  Yellow Productions through a civil action on behalf of himself and other aggrieved

24  employees pursuant to section 2699 of the California Labor Code.

25  **WHEREFORE**, Plaintiffs prays judgment as follows:

26      1.    That this Court certify the proposed Class.

27      2.    That this Court certify the proposed Collective Action.

28      3.    That, under the First Cause of Action, it be adjudged that the failure of

1   Defendant Yellow Productions to make timely payment of Plaintiff Lynch's and Class

2   members' wages was in violation of section 201.5 of the California Labor Code, and was

3   "willful" as that word is used in section 203 of the California Labor Code, and that the

4   Court enter judgment against Defendant Yellow Productions in favor of Plaintiff Lynch

5   and members of the putative Class in an amount equal to 30 times their daily wage, as

6   prescribed by section 203 of the California Labor Code. That judgment be entered in

7   favor of Plaintiff Lynch in an amount according to proof.  In addition, that judgment be

8   entered in favor of members of the putative Class in an amount in excess of $200,000, or

9   in an amount to be determined by proof.

10      4.      That, under the Second Cause of Action, the Court enter judgment in favor

11  of Plaintiffs and the Class members and against Defendant Yellow Productions. That

12  judgment be entered in favor of Plaintiffs in the amount of $50 or according to proof, and

13  costs and reasonable attorneys' fees in accordance with the provisions of California

14  Labor Code section 226(e).  That judgment be entered in favor of putative Class members

15  in an amount in excess of $2,000 or according to proof, and costs and reasonable

16  attorneys' fees in accordance with the provisions of California Labor Code section

17  226(e).

18      5.      That, under the Third Cause of Action, this Court enter judgment in favor of

19  Plaintiff Lynch and Class members and against Defendant Yellow Productions in the

20  amount of their unpaid overtime wages and or minimum wages, liquidated damages,

21  interest thereon, reasonable attorneys' fees and cost of suit pursuant to sections 1194,

22  1194.2, and 1197.1.  Specifically, that judgment be entered in favor of Plaintiff Lynch to

23  recover his unpaid state minimum wages according to proof, liquidated damages under

24  1194.2 of the California Labor Code according to proof, and overtime damages according

25  to proof.  That judgment be entered in favor of putative Class members to recover their

26  unpaid minimum wages and overtime according to proof.

27      6.      That, under the Fourth Cause of Action, this Court enter judgment in favor

28  of Plaintiffs and the members of the Collective Action and against all Defendants in the

1  amount of their unpaid minimum wages, overtime, liquidated damages, costs, and

2  attorneys' fees, in accordance with 29 U.S.C. § 216(b).   Specifically, that judgment be

3  entered in favor of Plaintiffs according to proof, and liquidated damages for unpaid

4  minimum wages according to proof, and reasonable attorneys' fees and costs, all pursuant

5  to 29 U.S.C. § 216(b).  That judgment be entered in favor of putative Collective-Action

6  members for their FLSA minimum wages according to proof, and liquidated damages

7  according to proof.   Also, that judgment be entered in favor of Plaintiffs for their FLSA

8  overtime according to proof, and liquidated damages for unpaid overtime according to

9  proof, and reasonable attorneys' fees and costs, all pursuant to 29 U.S.C. § 216(b).  That

10  judgment be entered in favor of the putative members of the Collective Action according

11  to proof, and liquidated damages according to proof.

12      With respect to the Fifth Cause of Action, that the Court award Plaintiff Lynch and

13  other aggrieved former and current employees their civil penalties, attorney's fees, and

14  costs of suit from Defendant Yellow Productions, all according to proof, pursuant to

15  section 2699(g) of the California Labor Code.

16      7.      For such other and further relief as this Court may deem fit and proper.

17  Plaintiffs demand trial by jury as to all causes of action.

18  DATED: June 14, 2013                    HARRIS & RUBLE

19  

20                                          Alan Harris
                                            Priya Mohan
21                                          *Attorneys for Plaintiffs*

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

## CV13- 4317 PA (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address: Alan Harris (SBN 146079)
Priya Mohan (SBN 228984)
HARRIS & RUBLE
6424b Santa Monica Boulevard
Los Angeles, CA 90038
Tel: 323.962.3777  Fax: 323.962.3004

ORIGINAL

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUS LYNCH, individually and on behalf of all others similarly situated, ROBERT YOUNG, BOB WHEELER, VITO TORTORICCI and FRED OSBY, individually  PLAINTIFF(S)<br><br>v.<br><br>NICK CASSAVETES, MANU KUMARAN, MEDIENT ENTERTAINMENT, MEDIENT OK, LLC, YELLOW PRODUCTIONS, LLC, GS ENTERTAINMENT, LLC and JOE Q. BRETZ<br>                                    DEFENDANT(S). | CASE NUMBER<br><br>**CV13-04317-PA(R2x)**<br><br><br>**SUMMONS** |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Alan Harris, HARRIS & RUBLE_, whose address is _6424 Santa Moniva Blvd., Los Angeles, CA 90038_. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: _6/14/2013_

Clerk, U.S. District Court

By: _____
            Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself □)
GUS LYNCH, individually and on behalf of all others similarly situated, ROBERT YOUNG, BOB WHEELER, VITO TORTORICCI, and FRED OSBY, individually

**DEFENDANTS**
NICK CASSAVETES, MANU KUMARAN, MEDIENT ENTERTAINMENT, MEDIENT OK, LLC, YELLOW PRODUCTIONS, LLC, GS ENTERTAINMENT, LLC and JOE Q. BRETZ

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Alan Harris (SBN 146079), Priya Mohan (SBN 228984)
HARRIS & RUBLE, 6424 Santa Monica Blvd., Los Angeles, CA 90038
Tel: 323.962.3777, Fax: 323.962.3004

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- □ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- □ 2 U.S. Government Defendant
- □ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □ 1 | □ 1 | Incorporated or Principal Place of Business in this State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☑ 1 Original Proceeding
- □ 2 Removed from State Court
- □ 3 Remanded from Appellate Court
- □ 4 Reinstated or Reopened
- □ 5 Transferred from another district (specify):
- □ 6 Multi-District Litigation
- □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes □ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☑ Yes □ No    ☑ **MONEY DEMANDED IN COMPLAINT:** $ in excess of $200,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 U.S.C. section 216(b), Fair Labor Standards Act, Failure to Pay Minimum Wage, Overtime and Liquidated Damages

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
- □ 400 State Reapportionment
- □ 410 Antitrust
- □ 430 Banks and Banking
- □ 450 Commerce/ICC Rates/etc.
- □ 460 Deportation
- □ 470 Racketeer Influenced and Corrupt Organizations
- □ 480 Consumer Credit
- □ 490 Cable/Sat TV
- □ 810 Selective Service
- □ 850 Securities/Commodities/ Exchange
- □ 875 Customer Challenge 12 USC 3410
- □ 890 Other Statutory Actions
- □ 891 Agricultural Act
- □ 892 Economic Stabilization Act
- □ 893 Environmental Matters
- □ 894 Energy Allocation Act
- □ 895 Freedom of Info. Act
- □ 900 Appeal of Fee Determination Under Equal Access to Justice
- □ 950 Constitutionality of State Statutes

**CONTRACT**
- □ 110 Insurance
- □ 120 Marine
- □ 130 Miller Act
- □ 140 Negotiable Instrument
- □ 150 Recovery of Overpayment & Enforcement of Judgment
- □ 151 Medicare Act
- □ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
- □ 153 Recovery of Overpayment of Veteran's Benefits
- □ 160 Stockholders' Suits
- □ 190 Other Contract
- □ 195 Contract Product Liability
- □ 196 Franchise

**REAL PROPERTY**
- □ 210 Land Condemnation
- □ 220 Foreclosure
- □ 230 Rent Lease & Ejectment
- □ 240 Torts to Land
- □ 245 Tort Product Liability
- □ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
- □ 310 Airplane
- □ 315 Airplane Product Liability
- □ 320 Assault, Libel & Slander
- □ 330 Fed. Employers' Liability
- □ 340 Marine
- □ 345 Marine Product Liability
- □ 350 Motor Vehicle
- □ 355 Motor Vehicle Product Liability
- □ 360 Other Personal Injury
- □ 362 Personal Injury- Med Malpractice
- □ 365 Personal Injury- Product Liability
- □ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
- □ 462 Naturalization Application
- □ 463 Habeas Corpus- Alien Detainee
- □ 465 Other Immigration Actions

**TORTS**
**PERSONAL PROPERTY**
- □ 370 Other Fraud
- □ 371 Truth in Lending
- □ 380 Other Personal Property Damage
- □ 385 Property Damage Product Liability

**BANKRUPTCY**
- □ 422 Appeal 28 USC 158
- □ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
- □ 441 Voting
- □ 442 Employment
- □ 443 Housing/Acco- mmodations
- □ 444 Welfare
- □ 445 American with Disabilities - Employment
- □ 446 American with Disabilities - Other
- □ 440 Other Civil Rights

**PRISONER PETITIONS**
- □ 510 Motions to Vacate Sentence Habeas Corpus
- □ 530 General
- □ 535 Death Penalty
- □ 540 Mandamus/ Other
- □ 550 Civil Rights
- □ 555 Prison Condition

**FORFEITURE / PENALTY**
- □ 610 Agriculture
- □ 620 Other Food & Drug
- □ 625 Drug Related Seizure of Property 21 USC 881
- □ 630 Liquor Laws
- □ 640 R.R. & Truck
- □ 650 Airline Regs
- □ 660 Occupational Safety /Health
- □ 690 Other

**LABOR**
- ☑ 710 Fair Labor Standards Act
- □ 720 Labor/Mgmt. Relations
- □ 730 Labor/Mgmt. Reporting & Disclosure Act
- □ 740 Railway Labor Act
- □ 790 Other Labor Litigation
- □ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
- □ 820 Copyrights
- □ 830 Patent
- □ 840 Trademark

**SOCIAL SECURITY**
- □ 861 HIA (1395ff)
- □ 862 Black Lung (923)
- □ 863 DIWC/DIWW (405(g))
- □ 864 SSID Title XVI
- □ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- □ 870 Taxes (U.S. Plaintiff or Defendant)
- □ 871 IRS-Third Party 26 USC 7609

CV13-04317

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No   ☑ Yes
If yes, list case number(s): CV12-8056

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☑ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☑   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| GS Entertainment (Los Angeles County) | Medient OK, LLC (Oklahoma) |
| Nick Cassavetes (Los Angeles County) | Yellow Productions, LLC (Oklahoma) |
| Joe Q. Bretz (Los Angeles County) | Medient Entertainment (India), Manu Kumaran (unknown) |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _[signature]_     Date June 14, 2013

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969.  (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |